# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

TZIPORA SARAH KARIN EISINGER, PhD.

**DEFENDANTS**

THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA

**(b)** County of Residence of First Listed Plaintiff   Berks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Katherine C. Oeltjen , Esquire
Console Mattiacci Law LLC, 1525 Locust Street, 9th Floor
Philadelphia, PA 19102 215-545-7676

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: .
42 U.S.C. § 2000e, et seq. ("Title VII"); 43 P.S. §951, et seq. ("PHRA"); Phila Code §9-1101, et seq. ("PFPO")

Brief description of cause:
Plaintiff brings this action against her former employer for sex discrimination.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** excess of $75,000

CHECK YES only if demanded in complaint:

**JURY DEMAND:** ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE   January 26, 2024

SIGNATURE OF ATTORNEY OF RECORD   *[signature: Katherine C. Oeltjen]*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ Robesonia, PA 19551 _____

Address of Defendant: _____ 3451 Walnut Street, Rm. 305, , Philadelphia, PA 19104 _____

Place of Accident, Incident or Transaction: _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? — Yes ☐ No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? — Yes ☐ No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? — Yes ☐ No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? — Yes ☐ No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 1/26/24 _____ *Attorney-at-Law / Pro Se Plaintiff* _____ 318037 _____ *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.** *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☑ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
*(Please specify):* _____

**B.** *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
*(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Katherine C. Oeltjen, Esquire _____, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 1/26/24 _____ *Attorney-At-Law / Pro Se Plaintiff* _____ 318037 _____ *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| TZIPORA SARAH KARIN EISINGER, PhD., | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | |
| | : | |
| THE TRUSTEES OF THE UNIVERSITY | : | NO. |
| OF PENNSYLVANIA          Defendant. | | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                                ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                                       ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.          ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                               ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                                  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.                      ( X )

| | | |
|---|---|---|
| 01/26/24 | *Katherine C. Oeltjen* | Plaintiff, Tzipora Sarah Karin Eisginer, PhD. |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-545-7676 | 215-565-2859 | oeltjen@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TZIPORA SARAH KARIN EISINGER, PhD.<br>Robesonia, PA 19551<br><br>                              Plaintiff,<br><br>           vs.<br><br>THE TRUSTEES OF THE UNIVERSITY OF<br>PENNSYLVANIA<br>3451 Walnut Street<br>Philadelphia, PA 19104<br><br>                              Defendant. | CIVIL ACTION NO.<br><br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

### I.    INTRODUCTION

Plaintiff, Tzipora Sarah Karin Eisinger, PhD ("Plaintiff") brings this action against her employer, The Trustees of University of Pennsylvania, ("Defendant"). Plaintiff was wrongfully denied tenure and notified of her termination because of her sex and complaints of sex discrimination in in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"), and the Philadelphia Fair Practices Ordinance, as amended, Phila. Code § 9-1100, *et seq.* ("PFPO").  Plaintiff seeks all appropriate relief.

### II.    PARTIES

1.    Plaintiff, Tzipora Sarah Karin Eisinger, PhD is an individual and a citizen of the Commonwealth of Pennsylvania.

2.    Plaintiff is female.

3.      Defendant, The Trustees of the University of Pennsylvania, is incorporated in Pennsylvania, and has a principal place of business at 3451 Walnut Street., Philadelphia, PA 19104.

4.      Defendant includes all schools of the University of Pennsylvania including the Perelman School of Medicine at the University of Pennsylvania.

5.      Defendant is engaged in an industry affecting interstate commerce and regularly does business in the Commonwealth of Pennsylvania.

6.      At all times material hereto, Defendant employed more than fifteen (15) employees.

7.      At all times material hereto, Defendant acted by and through their authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

8.      At all times material hereto, Defendant acted as Plaintiff's employer within the meaning of the statutes which form the basis of this matter.

9.      At all times material hereto, Plaintiff was an employee of Defendant within the meaning of the statutes which form the basis of this matter.

**III.    JURISDICTION AND VENUE**

10.     The causes of action which form the basis of this matter arise under Title VII, the PHRA, and the PFPO.

11.     The District Court has jurisdiction over Count I (Title VII) pursuant to 42 U.S.C. § 2000e-5 and 28 U.S.C. § 1331.

12.     The District Court has supplemental jurisdiction over Count II (PHRA) and Count III (PFPO) pursuant to 28 U.S.C. § 1367.

13.     Venue is proper in the District Court under 28 U.S.C. §1391(b) and 42 U.S.C. § 2000(e)-5(f).

14.     On or about August 30, 2022, Plaintiff filed a Complaint of Discrimination with the Pennsylvania Human Relations Commission ("PHRC"), complaining of acts of discrimination and retaliation alleged herein.  This Complaint was cross-filed with the Equal Employment Opportunity Commission ("EEOC").  Attached hereto, incorporated herein, and marked as Exhibit "1" is a true and correct copy of the EEOC Charge of Discrimination (with personal identifying information redacted).

15.     On or about November 2, 2023, the EEOC issued to Plaintiff a Notice of Right to Sue for her Complaint of Discrimination.  Attached hereto and marked as Exhibit "2" is a true and correct copy of the Notice of Right to Sue (with personal identifying information redacted).

16.     Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

IV.     **FACTUAL ALLEGATIONS**

17.     Plaintiff began working at Defendant on or about December 1, 2009, as a post-doctoral fellow.

18.     In or about 2016, following approximately five (5) years as a successful fellow, Plaintiff was promoted to Assistant Professor following a competitive selection process.

19.     As Assistant Professor of Pathology and Laboratory Medicine Perelman School of Medicine, Plaintiff served as the primary investigator in her own lab, managing research and personnel, including advising graduate students and fellows.

20.     Plaintiff also taught graduates students in the classroom.

21.     Plaintiff's research focuses primarily on soft tissue sarcomas.

22.     Within the first two years of her promotion, Plaintiff was given an endowed Chair and became the Ann B. Young Assistant Professor for Cancer Research.

23.     From the time of her appointment as Assistant Professor in or about 2016, Plaintiff routinely met with members of her department to confirm that she was on track to be recommended for promotion and tenure to the position of Associate Professor of Pathology and Laboratory Medicine.

24.     Defendant's tenure and promotion policies and practices require that for any candidate to be granted tenure and promotion they must first obtain the recommendation for tenure and promotion from his or her department's tenure committee.

25.     In or about April, 2022, Plaintiff was notified that she would not be recommended for tenure by the Pathology Department, thereby resulting in denial of tenure and promotion.

26.     The denial of tenure and promotion included notification of her termination, effective June, 2024.

27.     At the time she was denied tenure, Plaintiff reported to Warren Pear ("Pear") (male), Professor and Vice Chair for Research, and David Roth ("Roth") (male), Professor and Chair of the Pathology Department.

28.     Roth and Pear reported to Larry Jameson ("Jameson") (male), Dean, Perelman School of Medicine.

29.     Jameson is currently the interim President of The University of Pennsylvania.

4

30.     Plaintiff was one (1) of eighteen (18) tenured or tenure track female employees out of sixty-two (62) total tenured or tenure track employees reporting to Roth.

31.     Only twenty-nine percent (29%) of the tenure or tenure track employees reporting to Roth were female.

32.     Female researchers, including Plaintiff, have been treated in a hostile and dismissive manner, differently and worse than male employees within both the Pathology Department and within other departments where female employees are conducting research.

33.     Female researchers, including Plaintiff, have been asked to engage in menial, gender stereotyped as traditionally female tasks, including being asked and/or expected to clean up snacks after meetings.

34.     The male employees included in those meetings were not similarly asked to "clean up" after the meetings.

35.     Throughout the time leading up to the tenure denial, Pear (male) provided more support to and had more interactions with male employees, including Malay Haldar ("Haldar") (male), then Assistant Professor.

36.     The attention provided by Pear to Halder aided Haldar in the tenure process.

37.     At or around the same time that Plaintiff was denied tenure, Haldar was recommended for tenure by the Pathology Department and was, ultimately, granted tenure and promotion by Defendant.

38.     Plaintiff has heard that female employees have complained that Robert Doms ("Doms") (male), then Pathologist-in-Chief and Chair of Departmental Committee on Appointments, is sexist.

39.    Female employees in Plaintiff's department have told her that they had to "fight" for their positions and to maintain their research programs with the Department of Pathology while male employees have not had to do the same regarding their positions and research programs.

40.    Beginning at least in 2021, if not before, in meetings with Jonni Moore ("Moore") (female), Professor of Pathology and Laboratory Medicine, Plaintiff complained of sex discrimination.

41.    Plaintiff stated to Moore that female employees were treated worse than male employees.

42.    Moore agreed.

43.    Defendant failed to investigate Plaintiff's sex discrimination complaints.

44.    Defendant failed to take any action or remedy or prevent the sex discrimination against Plaintiff.

45.    On March 11, 2022, Plaintiff submitted her application materials for promotion to a tenured Associate Professor position to her department's Tenure Committee.

46.    Plaintiff was qualified for tenure and promotion.

47.    Plaintiff had met the standards required by Defendant of male faculty members at her rank for tenure and promotion.

48.    The departmental process for determining whether or not a candidate will be recommended for tenure is shrouded in secrecy and details such as the full make-up of the committee considering the candidate's qualification and how each individual voted with respect to her candidacy was withheld from Plaintiff.

49.    Plaintiff understands that the committee considering her application was overwhelmingly male.

50.    Doms (male) was Chair of the tenure committee.

51.    Plaintiff was never given any opportunity to meet with or discuss any concerns/questions with the tenure committee.

52.    The "mentoring committee" assigned to Plaintiff as part of the tenure process assured her that she had met the requirements for tenure.

53.    In fact, at no time prior to the denial of tenure was she told to expect that her application for tenure and promotion would be denied.

54.    On April 20, 2022, in a meeting with Roth and Pear, Plaintiff learned that she was not recommended by the Pathology Department's tenure committee for tenure and promotion and therefore, she would be denied tenure and promotion.

55.     The stated reason was that the tenure committee's vote went against her due to lack of productivity.

56.    Plaintiff received no further explanation as to why she was denied tenure or what the individual committee members' votes were.

57.    Plaintiff met all requirements that she had been told she needed to be promoted to tenured Associate Professor.

58.    Plaintiff had the same number of publications as male employees who were promoted to tenured Associate Professor.

59.    Plaintiff was the only female scientist (non-physician) seeking tenure in the Pathology Department.

60.    At the time she was denied tenure, the Department had not promoted a

female to tenured Associate Professor in approximately ten (10) years.

61.    On July 8, 2022, in an email to Roth, Plaintiff stated that she wanted to file a grievance in connection with Defendant's failure to promote her, but that, per Defendant's policy, Plaintiff first had to meet with Roth as her Department Chair.

62.    On July 12, 2022, in a meeting with Roth, Plaintiff reiterated that she wanted to file a grievance in connection with Defendant's failure to promote her.

63.    Roth stated that he did not know what the grievance process was, and that he would contact Lisa Bellini ("Bellini") (female), Senior Vice Dean for Academic Affairs and Professor of Medicine.

64.    Plaintiff told Roth that she had another publication that would be accepted to a journal within days.

65.    Roth responded that the tenure committee had already decided whether productivity expectations had been met.

66.    Plaintiff told Roth that Professor Paul Michael Cancro ("Cancro"), who was tasked with mentoring her through the tenure process, confirmed to her that she had met the requirements to be promoted to Tenured Associate Professor.

67.    Plaintiff told Roth that Cancro had shared that she only needed to have papers accepted and set for journal publication by Fall 2022.

68.    Roth agreed to meet again when he had more information.

69.    On August 10, 2022, in a meeting with Roth, he stated that Defendant did not have a grievance process for tenure denial, and that tenure cases are only reconsidered if a process error occurred.

70.     Roth stated that Plaintiff's tenure case would not be revisited because there

had not, according to him, been any issues with the "process."

71.    Plaintiff complained that she believed that her tenure was denied because of her sex.

72.    Plaintiff told Roth that she was prepared to file a claim in connection with the wrongful denial of tenure.

73.    Roth thanked Plaintiff for telling him.

74.    On August 19, 2022, Defendant sent Plaintiff a letter that stated in part: "Your promotion was not approved. Your appointment as Ann B. Young Assistant Professor in Cancer Research will therefore end on June 30, 2024 and will not be renewed beyond that date."

75.    The letter did not provide any reason for Defendant's failing to promote Plaintiff and notifying Plaintiff of termination, effective June 30, 2024.

76.    Defendant has continued the employment of researchers denied tenure in other non-tenure track positions.

77.    Defendant did not take any steps to retain Plaintiff in any capacity.

78.    On August 25, 2022, Defendant requested that Plaintiff sign and return acknowledgment of the termination letter.

79.    On August 26, 2022, Plaintiff returned the above letter, signed, and stated the following: "I believe that I have been denied tenure and notified of termination because of my sex."

80.    Defendant failed to promote Plaintiff to tenured Associate Professor because of her sex and/or her sex discrimination complaints.

81.    Defendant notified Plaintiff of termination because of her sex and/or her sex

discrimination complaints.

82.     Defendant did not take any steps to retain Plaintiff in any capacity because of her sex and/or her sex discrimination complaints.

83.     The same committee that denied Plaintiff tenure recommended tenure and promotion for Haldar (male).

84.     Haldar was promoted to tenured Associate Professor.

85.     Plaintiff was as qualified for the tenured Associate Professor position than Haldar.

86.     Defendant's conduct and comments evidence a bias against female and/or complaining employees.

87.     Other female employees have complained of sex discrimination and retaliation at Defendant, including within Plaintiff's Department and about individuals involved in her denial of tenure.

88.     Defendant's sex discrimination and retaliation against Plaintiff has caused her emotional distress.

## COUNT I – TITLE VII

89.     Plaintiff incorporates herein by reference the paragraphs above as if set forth herein in their entirety.

90.     By committing the foregoing acts of discrimination and retaliation against

91.     Plaintiff, Defendants have violated Title VII.

92.     Said violations were done with malice and/or reckless indifference.

93.     As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys'

fees and costs.

94.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

## COUNT II – PHRA

95.     Plaintiff incorporates herein by reference the paragraphs above as if set forth herein in their entirety.

96.     Defendant, by the above improper and discriminatory and retaliatory acts, has violated the PHRA.

97.     Said violations were intentional and willful.

98.     As a direct and proximate result of Defendant's violation of the PHRA, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorneys' fees and costs.

99.     Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Defendants' discriminatory and retaliatory acts unless and until the Court grants the relief requested herein.

100.    No previous application has been made for the relief requested herein.

## COUNT III – PFPO

101.    Plaintiff incorporates herein by reference the paragraphs above as if set forth herein in their entirety.

102.    Defendant, by the above improper and discriminatory and retaliatory acts, has violated the PFPO.

103.    Said violations were intentional and willful.

104.    As a direct and proximate result of Defendant's violation of the PFPO, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorney's fees and costs.

105.    Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until the Court grants the relief requested herein.

106.    No previous application has been made for the relief requested herein.

<u>**RELIEF**</u>

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendant's improper conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

(a)    declaring the acts and practices complained of herein to be in violation of Title VII;

(b)    declaring the acts and practices complained of herein to be in violation of the PHRA;

(c)    declaring the acts and practices complained of herein to be in violation of the PFPO;

(d)    enjoining and permanently restraining the violations alleged herein;

(e)    entering judgment against the Defendant and in favor of the Plaintiff in an amount to be determined;

(f)    awarding compensatory damages to make the Plaintiff whole for all lost earnings, earning capacity, and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct;

(g)    awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct;

(h)    awarding punitive damages to Plaintiff under Title VII;

(i)    awarding Plaintiff such other damages as are appropriate under Title VII, the PHRA, and the PFPO;

(j)    awarding Plaintiff the costs of suit, expert fees, and other disbursements, and reasonable attorneys' fees; and,

(k)    granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

<strong>CONSOLE MATTIACCI LAW, LLC</strong>

Dated:  January 26, 2024          BY:  _/s/Katherine C. Oeltjen_____
                                       Katherine C. Oeltjen
                                       1525 Locust Street, 9th Floor
                                       Philadelphia, PA 19102
                                       (215) 545-7676

                                       *Attorney for Plaintiff,*
                                       *Tzipora Sarah Karin Eisinger, PhD*

13

# EXHIBIT 1

COMMONWEALTH OF PENNSYLVANIA
GOVERNOR'S OFFICE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

## **COMPLAINT**

|  |  |  |
|---|---|---|
| COMPLAINANT: | : | |
| | : | |
| **TZIPORA SARAH KARIN EISINGER** | : | Docket No. |
| | : | |
| v. | : | |
| | : | |
| RESPONDENT: | : | |
| | : | |
| **TRUSTEES OF UNIVERSITY** | : | |
| **OF PENNSYLVANIA** | : | |
| | : | |

1. The Complainant herein is:

    Name:         Tzipora Sarah Karin Eisinger

    Address:      <span style="background-color:black;color:white">REDACTED</span>
                  Robesonia, PA 19551

2. The Respondent herein is:

    Name:         Trustees of University of Pennsylvania

    Address:      421 Curie Blvd
                  Philadelphia, PA 19104

3. I, Tzipora Sarah Karin Eisinger, the Complainant herein, allege that I was subjected to unlawful discrimination because of my sex (female), and retaliation because of my complaints of sex discrimination, as set forth below.

### **Discrimination and Retaliation**

**A.  I specifically allege:**

[1]         I was first hired by Respondent on or about December 1, 2009.

[2]        I am a current employee of Respondent.

[3]        I consistently performed my job duties in a highly competent manner and receive positive feedback.

[4]        I hold the position of Assistant Professor of Pathology and Laboratory Medicine, Perelman School of Medicine.

[5]        I report to Warren Pear (male), Professor and Vice Chair for Research, and David Roth (male), Professor and Chair of the Pathology Department.  Roth and Pear report to Larry Jameson (male), Dean, Perelman School of Medicine.

[6]        I am one (1) of eighteen (18) tenured or tenure track female employees out of sixty-two (62) total tenured or tenure track employees reporting to Roth.

[7]        Female employees, including me, have been treated in a hostile and dismissive manner, differently and worse than male employees.

[8]        Pear (male) provided more support to and had more interactions with male employees, including Malay Halder (male), then Assistant Professor, during the tenure application process than me.

[9]        I have heard that female employees have complained that Robert Doms (male), Pathologist-in-Chief and Chair of Departmental Committee on Appointments, is sexist.

[10]        I have been instructed and/or expected to clean up snacks after meetings while male employees have not.

[11]        Female employees in my department have told me that they had to fight for their positions and to maintain their research programs with the Department of Pathology while male employees have not had to do the same regarding their positions and research programs.

[12]     In multiple meetings with Jonni Moore (female), Professor of Pathology and Laboratory Medicine, I complained of sex discrimination.  I stated that female employees were treated worse than male employees.  Moore agreed.

[13]     Respondent failed to investigate my sex discrimination complaints.

[14]     Respondent failed to take any action or remedy or prevent the sex discrimination against me.

[15]     In or about March 2022, Respondent promoted Halder (male) to Tenured Associate Professor.

[16]     On March 11, 2022, I submitted my application materials for promotion to a Tenured Associate Professor position.  I was qualified for the position.

[17]     The Tenure Committee consisted of the following individuals: Pear (male); David Allman (male), Professor, Department of Pathology; Michael Cancro (male), Professor, Department of Pathology; Beverly Davidson (female), Professor, Department of Pathology; Wayne Hancock (male), Professor, Department of Pathology; _____ Lee, Professor, Department of Pathology; Andrei Thomas-Tikhonenko (male), Professor, Department of Pathology; and Matthew Weitzman (male), Professor, Department of Pathology.

[18]     Doms (male) was Chair of the Tenure Committee.

[19]     I received positive feedback during my tenure application process.

[20]     My tenure mentorship committee, including Cancro, told me that I met the requirements to be promoted to Tenured Associate Professor.

[21]     On April 20, 2022, in a meeting with Roth and Pear, Respondent failed to promote me to Tenured Associate Professor.  The stated reason was that the Tenure Committee's

vote went against me due to lack of productivity. I received no further explanation as to why I was denied tenure or what the individual committee members votes were.

[22]     I met all requirements that I had been told I needed in order to be promoted to Tenured Associate Professor.

[23]     I had the same number of publications as male employees who were promoted to Tenured Associate Professor.

[24]     I was the only female seeking tenure in the department.

[25]     My department has not promoted a female to Tenured Associate Professor in approximately ten (10) years.

[26]     On July 8, 2022, in an email to Roth, I stated that I wanted to file a grievance in connection with Respondent's failure to promote me, but that, per Respondent's policy, I first had to meet with my Department Chair, which was Roth.

[27]     On July 12, 2022, in a meeting with Roth, I reiterated that I wanted to file a grievance in connection with Respondent's failure to promote me. Roth stated that he did not know what the grievance process was, and that he would contact Lisa Bellini (female), Senior Vice Dean for Academic Affairs and Professor of Medicine, and ask her. I told Roth that I had another publication that would be accepted to a journal within days. Roth responded that the Tenure Committee had already decided whether productivity expectations had been met. I told him that Cancro had confirmed that I had met the requirements to be promoted to Tenured Associate Professor, and that I only had to ensure that I published my papers by the fall, which I expected would happen. We agreed to meet again when he had more information.

[28]     On August 10, 2022, in a meeting with Roth, he stated that Respondent did not have a grievance process for tenure denial, and that tenure cases are only reconsidered if

a process error occurred.  Roth stated that my tenure case would not be revisited because there

had been no issues with the process.  I complained that I believed that my tenure was denied

because of my sex, and stated that I was prepared to file a claim in connection with the same.

Roth thanked me for telling him.

[29]    On August 19, 2022, in a letter from Roth, Respondent failed to promote

me and notified me of termination.  The letter stated the following: "Your promotion was not

approved. Your appointment as Ann B. Young Assistant Professor in Cancer Research will

therefore end on June 30, 2024 and will not be renewed beyond that date."  The letter provided

no reason for Respondent's failing to promote me and notifying me of termination, effective

June 30, 2024.

[30]    On August 25, 2022, in an email from Laura Pritchard (female), Executive

Assistant, she requested that I sign and return the above letter I received, to acknowledge receipt

of the same.

[31]    On August 26, 2022, in an email to Pritchard, I returned the above letter,

signed, and stated the following: "I believe that I have been denied tenure and notified of

termination because of my sex."

[32]    Respondent failed to promote me to Tenured Associate Professor because

of my sex and/or my sex discrimination complaints.

[33]    Respondent notified me of termination because of my sex and/or my sex

discrimination complaints.

[34]    The same committee that denied me tenure promoted Halder (male).

[35]    I was as, if not more, qualified for the Tenured Associate Professor

position than Halder (male).

[36]      I have had no disciplinary or performance issues throughout my employment with Respondent.

[37]      I have received positive performance reviews and merit salary increases throughout my employment with Respondent.

[38]      Respondent's conduct and comments evidence a bias against female and/or complaining employees.

[39]      Other female employees have complained of sex discrimination and retaliation at Respondent.

[40]      Respondent's sex discrimination and retaliation against me has caused me emotional distress.

**B.**  Based on the aforementioned, I allege that Respondent has discriminated against me because of my sex (female), and retaliated against me because of my complaints of sex discrimination, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"), and the Philadelphia Fair Practices Ordinance, Phila. Code § 9-1101, *et seq.* ("PFPO").

4.    The allegations in Paragraph 3 hereof constitute unlawful discriminatory practices in violation of:

  **X**      **Pennsylvania Human Relations Act (Act of October 27, 1955, P.L. 744, as amended) Section 5 Subsection(s):   (a); (d)**

____        Section 5.1 Subsection(s) _____

____        Section 5.2 Subsection(s) _____

_____        Pennsylvania Fair Educational Opportunities Act (Act of July 17, 1961,

P.L. 766, as amended) Section 4 Subsection(s) _____

5.     Other action based upon the aforesaid allegations has been instituted by the

Complainant in any court or before any other commission within the Commonwealth of

Pennsylvania as follows:

  **X**      **This charge will be referred to the EEOC for the purpose of dual**

**filing.**

6.     The Complainant seeks that Respondent be required to:

(a) Make the Complainant whole.

(b) Eliminate all unlawful discriminatory practice(s) and procedure(s).

(c) Remedy the discriminatory effect of past practice(s) and procedure(s).

(d) Take further affirmative action necessary and appropriate to remedy the violation

complained of herein.

(e) Provide such further relief as the Commission deems necessary and appropriate.

**<u>VERIFICATION</u>**

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.A. Section 4904, relating to unsworn falsification to authorities.


8/30/2022__
(Date Signed)          (Signature)     Tzipora Sarah Karin Eisinger
                                       REDACTED
                                       Robesonia, PA 19551

# EXHIBIT 2

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Philadelphia District Office**
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161 & 161-A)

**To:**   Tzipora Eisinger
REDACTED
Robesonia, PA 19551

**Re:**   Tzipora Eisinger v. University of Pennsylvania
EEOC Charge Number: 17F-2023-60003

EEOC Representative and email:     State Local and Tribal Program Manager
PHLSTATEANDLOCAL@EEOC.GOV

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC has adopted the findings of the state or local fair employment practices agency that investigated your charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) received this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

Please retain this notice for your records.

On Behalf of the Commission:

Digitally Signed By: Karen McDonough  11/2/2023

Karen McDonough
Deputy District Director

cc:   For Respondent

Jeffrey A. Sturgeon, Esq.
Baker & McKenzie LLP
1650 Market Street
Philadelphia, PA 19103

For Charging Party

Emily R. Derstine Friesen, Es
Console Mattiacci Law LLC
1525 Locust Street, 9th Floor
Philadelphia, PA 19102